IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT DIAZ,

    Plaintiff,

vs.                                                          Civ. No. 00-862 JP/WWD

ALBUQUERQUE, NEW MEXICO POLICE
DEPARTMENT, and APD OFFICERS RAY BACA,
DON McGRATH, INDIVIDUALS PERFORMING
UNAUTHORIZED ACTS WHILE ON OFFICIAL
DUTY, AND OTHERS YET UNNAMED, ALL
INDIVIDUALLY, JOINTLY AND SEVERALLY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Defendant Officer Don McGrath's Motion to Quash Subpoenas Duces Tecum, or Alternatively, Motion for Protective Order [docket no 67] filed December 12, 2001. The subpoenas in question were issued by Plaintiff's attorney to Bell South Communications Corporation and Quest Communications Corporation, and the subpoenas sought production of McGrath's "client service records with Nashville, Tennessee area code for the years 1999, 2000, and 2001." In seeking the aforementioned records, Plaintiff claims that the City of Albuquerque Legal Department, while representing that they did not know Defendant McGrath's whereabouts, filed a personal affidavit which has been signed by McGrath. Plaintiff also claims that counsel for the City of Albuquerque only furnished Plaintiff's counsel a partial

address for McGrath necessitating extensive investigation in order to locate McGrath.  Paragraphs 14 and 15 of Plaintiff's response to the instant motion read as follows, to wit:

> 14.  Based on the foregoing, Plaintiff alleges conspiracy to commit fraud and the commission of fraud upon the court in this case by an officer of the court which has led to intentional obstruction of justice, totally thwarting the efforts of Plaintiff in prosecuting his case.
>
> 15.  Plaintiff believes the critical and vital evidence to support this allegation will be found in the phone records of Defendant McGrath for which Subpoenas have been issued.  Plaintiff alleges upon information and belief that the phone records will show an ongoing communication between Defendant McGrath and City of Albuquerque, possibly using a "go-between" party, during the period of September 11, 2000 through court hearings in October, 2000 and beyond.  And that the City of Albuquerque did in fact know the whereabouts of Defendant McGrath.

Defendant McGrath claims that the subpoenas in question call for information which would invade his privacy.  In the present circumstances, I do not find that privacy argument compelling.  If there were efforts to keep Plaintiff from locating Defendant McGrath, these activities should be rooted out.  Additionally, I find that Defendant McGrath has no standing to seek to quash the subpoenas in question.  Langford v. Chrylser Motors Corp., 513 F.2d 1121 (2nd Cir. 1975).

**WHEREFORE,**

**IT IS ORDERED** that Defendant Officer McGrath's Motion to Quash Subpoenas Duces Tecum, or Alternatively, Motion for Protective Order [docket no. 67] be, and they each are, DENIED.

_____
UNITED STATES MAGISTRATE JUDGE