IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT DIAZ,

    Plaintiff,

vs.                                                                      Civ. No. 00-862 JP/WWD

ALBUQUERQUE, NEW MEXICO POLICE
DEPARTMENT, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon the Response to Defendant McGrath's Motion to Compel ("Response") filed January 18, 2002. The motion was served by mailing on December 23, 2001, a Sunday; and it was received by Plaintiff's counsel on January 11, 2002. Counsel was "out of his office from December 21, 2001 until January 2, 2002". No reason is stated by Plaintiff for the delay in responding to the motion to compel between January 11, 2002 and January 18, 2002. However, Plaintiff's counsel now contends that he should be given the opportunity to respond to the motion to compel as well as additional time to respond to Defendant McGrath's objections to the Plaintiff's responses to the sought discovery. In the last paragraph of Plaintiff's Response Plaintiff states that certain parts of the discovery requests from Defendant are not relevant since Plaintiff is not making a claim for lost wages. The Response is a request for more time to respond to the motion to compel coupled with an argument about one area of discovery.

***Discussion.***

Fed. R. Civ. P. 1 directs us to administer the rules so as to "secure the just, speedy, and inexpensive determination of every action."  It is not unjust to expect experienced counsel to comply with the rules. Failure to do so bogs down the process with extra pleadings, tardy filings, etc. There was adequate time to file a full response to the instant motion or promptly to seek an extension of time after it was discovered that something had gone awry, and that, inexplicably, was not done.  No reason is given for the failure to act promptly once the motion was received by Plaintiff's counsel, which, incidentally, was before the matter was sent to the Court to rule on the apparently unanswered motion.   By the time Plaintiff's counsel got around to addressing the motion which was belatedly delivered to him, I had drafted an opinion granting most of the motion. I also found that some of the motion should be denied.  I am not willing to entertain a <u>further</u> response from Plaintiff and the inevitable Reply from Defendant McGrath.  The requests for more time set out in Plaintiff's "Response to Defendant Mc Grath's Motion to Compel" will be **DENIED.**

    **IT IS SO ORDERED.**

_____
      **UNITED STATES MAGISTRATE JUDGE**