IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT DIAZ,

        Plaintiff,

vs.                                                           Civ. No. 00-862 JP/WWD

ALBUQUERQUE, NEW MEXICO POLICE
DEPARTMENT, and APD OFFICERS RAY BACA,
DON McGRATH, INDIVIDUALS PERFORMING
UNAUTHORIZED ACTS WHILE ON OFFICIAL
DUTY, AND OTHERS YET UNNAMED, ALL
INDIVIDUALLY, JOINTLY AND SEVERALLY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses the Order to Show Cause I entered February 26, 2002, and the pleadings filed in response to that order. The Order to Show Cause addressed Plaintiff's failure to follow my Memorandum Opinion and Order of January 22, 2002, which commanded Plaintiff to respond to certain discovery and to provide certain authorization forms to Defendant McGrath on or before February 8, 2002. Defendant seeks to have Plaintiff's Complaint dismissed, or, alternatively to impose certain sanctions. Plaintiff has filed supplemental responses to some of the requested discovery. I will not recommend dismissal of the Complaint: however, I will impose certain sanctions related to materials not produced and addressing the deficiencies of counsel.

*Interrogatory No. 5*

This interrogatory sought to identify every lawsuit in which Plaintiff had been a party setting out various matters including the judge involved, the facts underlying the lawsuit, the relief sought, and the legal theories on which the suit was based. Although the unenlightening description supplied with the suits listed might give some insight into the legal theories involved, they failed adequately to explicate the facts, and there was no indication of the relief sought or the name of the judge.

*Interrogatory No. 7*

Interrogatory No. 7 reads as follows:

> If you have received any medical treatment, psychiatric care, counseling or other services as a result of the acts or omissions of the Defendants as alleged in your complaint, please state: (i) the names of each care provider; (ii) the dates of service; (iii) the address for each provider; (iv) the condition(s) for which such care or service was sought; (v) the type of service or treatment provided, in detail; (vi) the cost of each such service; (vii) whether or not you have any future scheduled appointments with any provider and with whom; (viii) the dates of future scheduled appointments; and (ix) the date when each future scheduled appointment was made.

Plaintiff's answer to this interrogatory fails to provide most of the detailed information sought by Defendant. No care provider except for a corporation, Life Management, Inc., is provided; no specific dates of service are listed; no costs of service are listed; and no schedule of future appointments is listed.

*Interrogatory No. 9*

Interrogatory No. 9 reads as follows:

> Please state whether or not you are claiming economic damages resulting from property loss, loss of income, impairment of earning

capacity or other compensable economic loss as a result of the
subject incident. If so, state the following:
a. The total amount of your economic damage claim;
b. Identify every receipt, bill, paystub or other document supporting
your claim;
c. The amount you claim for loss in earning capacity; and
d. The method by which you computed the loss of earning capacity.

Plaintiff's answer to the interrogatory indicated that he claims a loss of $200 which allegedly was taken from him by the police; a $50 towing bill; and unlisted "medical bills". In the Plaintiff's Supplemental Answers, Plaintiff expands his response to include "attorney fees yet undetermined" and also claims economic damages for the following, to wit:

> Intentional infliction of mental and emotional distress by Defendants and resulting psychological and emotional trauma has resulted in anxiety and depression. These damages can only be determined by a jury.

*Interrogatory No. 12*

Interrogatory No. 12 reads as follows:

> State specifically and in detail exactly how the incident(s) which form the basis of this lawsuit occurred and describe chronologically the events that occurred leading up to same as seen by you, and describe each and everything which all persons who are named as Defendants failed to do to avoid said incident(s).

Plaintiff's answer to the interrogatory is as follows:

> 1. See summary of facts in complaint paragraphs 4 through 26.
> 2. All persons named as defendants failed to avoid as described in paragraph 26 of complaint which brought about the counts alleged in paragraph 27 of the complaint.

and Plaintiff's Supplemental Answer to this interrogatory reads as follows:

> A. Plaintiff was physically injured and disabled from an auto accident while on the job with Jewel Osco on 11-25-96. The events alleged in the complaint greatly exacerbated (sic) those injuries adding mental, psychological and emotional trauma resulting in anxiety and depression.

Plaintiff was physically injured and disabled from an auto accident while on the job with Jewel Osco on 11-25-96. The events alleged in the complaint greatly exacerbated (sic) those injuries adding mental, psychological and emotional trauma resulting in anxiety and depression.[1]

At the time Plaintiff was arrested and handcuffed on June 19, 1997, plaintiff told uniformed officers that plaintiff was suffering from an auto accident and needed his crutches located in the van. The officer replied, "you'll be alright", repeated twice, and refused plaintiffs (sic) request to get the crutches. With <u>plaintiffs (sic) existing injuries,</u> plaintiff was told to lay face down on the floor of the APD southeast substation for a prolonged period of time and not look up. Plaintiff was also told to stand and face a wall for a prolonged period of time and not look back. During this period defendant McGrath screamed like a wild man accusing plaintiff of harboring a fugitive. No miranda (sic) rights were read. No search warrant was issued to search plaintiffs (sic) van, or to tow the van away. Plaintiff was subjected to continuous questioning regarding plaintiff (sic) nationality. Plaintiff was kidnaped and used as a pawn of extortion against his brother Carlos. The defendant continuously threatened plaintiff with incarceration of himself, his mother, sisters and his nieces if plaintiff did not tell him what he wanted to hear. I felt that officers and defendant was trying to provoke us by forcing us to lay face down on the floor without looking us and by questioning our nationality to give them a reason to execute us while on the floor. Plaintiff had never been arrested or suffered police brutality before. No booking or printing or Miranda rights were ever undertaken. I remained handcuffed for over eight hours experiencing excruciating pain and then was placed with my brother Carlos in the back seat of the patrol car Ray Baca with defendant McGrath following. Around 8:30 to 9 PM on June 19, 1997, we were taken to the home of my mother at 8901 East Central in Albuquerque, New Mexico. My brother Carlos and I sat in the patrol car as defendant McGrath and other officers kicked in the door of my mother's home and ransacked the home as we remained in the Ray Baca patrol car. Upon returning from my mother's home defendant ordered me out of the patrol car. He told an officer to take a knife and cut off my handcuffs. I was fearful he was going to us the knife on me. At that time defendant McGrath twice repeated "I'd like to take my gun out and kill them". Plaintiff requested defendant McGrath to return his personal effects and was told by defendant McGrath to "Go pick them up some other day".The officers left with my brother Carlos. I was left without identity, transportation with all cash having been taken from me. I called a lady to come and pick me up and take me home. The fear of saying anything may cause a re-arrest and further threatening and police abuse left me in fear of my life. Emotionally haunted by this experience, I developed severe depression, paranoia. The experience has left a permanent scar on me mentally, emotionally and psychologically. Then when I learned that defendant

---

[1] The duplication appears in Plaintiff's Supplemental Answers.

-4-

McGrath had killed a man while on police duty, I became so disturbed that I was afraid to drive or even trust anyone.

B. The defendants named obviously failed to stop the police misconduct to avoid the indicents (sic).

*Interrogatory No. 13*

Interrogatory No. 13 reads as follows:

> State chronologically, fully and in detail each and every act, omission or thing done by Defendant Donald McGrath which supports your allegation of violations of civil rights as contained in your Complaint.

Plaintiff's Supplementary Answer refers to the answer to Interrogatory #12, above. No further response is required

*Interrogatory No. 17*

Interrogatory No. 17 reads as follows:

> Identify each and every exhibit, document, or other tangible evidence in your possession, custody or control, or any such evidence which is not in your possession, custody or control, but that the existence of which you are aware, that contains anything of probative value with regard to the determination of the issues in this case.

Plaintiff's answer to this interrogatory is "Described in #11". The answer referred to in #11 is as follows:

1. All photographs taken by APD at the scene on 6/19/97
2. Towing report and bill
3. Police Reports

In his supplemental answer to this interrogatory Plaintiff lists the following, to wit:

1. Towing bill of vehicle as authorized by APD.
2. Medical reports for counseling and medication requested from source.

*Request for Production No. 1*

Request for Production No. 1 reads as follows:

> Please produce copies of each and every federal and state tax return prepared by you or on your behalf by a bookkeeper or accountant for filing for the past five (5) years, with all W-2, 1099, or other earnings statements and all schedules attached. If the returns for the past year are not yet ready for filing, please produce a copy of all earnings statements, and any draft or working papers for each such return. <u>In the event you are unable to fully comply with this discovery request, demand is made hereby that you sign and return the enclosed authorization for release of financial information enclosed herewith</u>.

Plaintiff objects to this as "Overly Broad". In his Supplement to the responses Plaintiff states the following, to wit:

> Plaintiff will sign authorization form.

*Request for Production No. 2*

Request for Production No. 2 reads as follows:

> Demand is made for a complete record of your employment history for the past ten (10) years as identified in your Answer to Interrogatory No. 3, including any and all documents contained in the files of your employers. <u>To accommodate this request, please sign and return the enclosed authorization for release of employment information enclosed herewith</u>.

Plaintiff objects to this as "Overly Broad". In his Supplement to the responses Plaintiff states the following, to wit:

> Plaintiff will sign authorization form.

*Request for Production No. 5*

Request for Production No. 5 reads as follows:

>    Demand is made for your complete medical and psychological treatment history pertaining to injuries claimed in this lawsuit as identified in your Answer to Interrogatory No. 7, including any and all documents contained in the files of any health care provider.  <u>To accommodate this request, please sign and return the enclosed authorization for release of medical information enclosed herewith</u>.

In his initial response to this request, Plaintiff states:

> Will supplement the records. Authorization refused.[2]

And in his supplementary responses Plaintiff states:

> Will supplement the records. Records from Life Management have been requested.

*Request for Production No. 6*

Request for Production No. 6 reads as follows:

> Demand is made for any and all documents which support your contention that you suffered compensable damages as a result of this Defendants actions.

In his initial response to this request, Plaintiff objects as follows:

> Overly Broad and duplicative.

And in his supplementary responses Plaintiff states:

> Submitted all in my possession.

*Request for Production No. 8*

Request for Production No. 8 reads as follows:

> Demand is made for each and every exhibit, document, or other tangible evidence in your possession, custody or control that contains anything of probative value with regard to the determination of the issues in this case.

---

[2] Under our local rule, D.N.M-LR-Civ. 26.3(d)(3) a plaintiff in a case where his condition is a issue must furnish his opposition with a signed authorization to release medical information, and a form of that authorization is provided in the local rules.

In his initial response to this request, Plaintiff states:

>Will produce.

And in his supplementary responses Plaintiff states:

>Submitted all in my possession.

*Discussion.*

After considering the Plaintiff's discovery responses, particularly, the responses to interrogatories Nos. 7 and 9, and requests for production Nos. 1, 2, 5, and 6, it is clear that Plaintiff has failed to comply with the requirements of the Federal Rules of Civil Procedure governing discovery, the local rules of this Court, or the specific order of this Court in this case. I further find that the main deficiencies in Plaintiff's participation in the discovery process are attributable to Plaintiff's counsel. Finally, having examined the submissions of counsel and being familiar with local attorney fees and the amount of time involved in the preparation of such pleadings, I find that the reasonable attorney fees incurred by Defendant as the result of the deficient performance of Plaintiff's counsel would be in excess of three hundred dollars ($300.00). I will not recommend dismissal of the suit; however, imposition of sanctions is altogether appropriate.

**WHEREFORE,**

**IT IS ORDERED** that at trial Plaintiff shall be not be allowed to introduce evidence of economic loss except for the towing bill he incurred when his automobile was ordered towed by Defendants, and the $200 Plaintiff alleges was taken from him by the police..

**IT IS FURTHER ORDERED** that at trial Plaintiff shall not be allowed to introduce evidence as to physical or psychological damages suffered by him.

**FINALLY, IT IS ORDERED** that on or before April 10, 2002, Plaintiff's counsel shall pay to Defendant the sum of $300 as partial reimbursement of the reasonable attorney fees incurred by Defendant as the result of Plaintiff's counsel's failure to act in conformity with the rules governing discovery and the orders of this Court, thereby necessitating the motion practice in connection with the Order to Show Cause and the earlier motion to compel.

_____
UNITED STATES MAGISTRATE JUDGE
